UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | Criminal Action No. 5: 07-41-DCR |
| ) | |
| V.   ) | |
| ) | |
| MICHAEL ANTHONY FISHER,   ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant.   ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Michael Anthony Fisher is currently serving a term of imprisonment of 240 months following his drug conviction. Fisher was sentenced on October 5, 2007. [Record No. 69][1] In 2009, Fisher sought to have his sentence reduced under 18 U.S.C. § 3582. However, because Fisher had been sentenced as a career offender, that motion was denied. [Record Nos. 94, 98] Undeterred, Fisher filed a second motion seeking to have his sentence reduced under 18 U.S.C. § 3582 on August 1, 2013. [Record No. 104] But once again, Fisher's motion was denied. [Record No. 106]

The matter is currently pending for consideration of Defendant Fisher's motion appointment of counsel. [Record No. 107] In support of this request, Fisher states that a recent decision of the United States Supreme Court, *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2857 (2015), may impact his case. The Court notes, however, that the United States Constitution

---

[1] Fisher filed a Notice of Appeal following entry of the Judgment on October 5, 2007. However, on March 13, 2012, the Sixth Circuit dismissed Fisher's appeal and affirmed this Court's Judgment. [Record Nos. 70, 103]

does not provide a right to counsel in habeas proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). For most motions seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "if given the difficulty of the case and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

Having reviewed the file of this matter, the Court does not believe that counsel should be appointed in connection with any potential motion seeking collateral relief under 28 U.S.C. § 2255. Habeas corpus is an extraordinary remedy for unusual cases. In the present case, it appears that the issues Fisher might raise are clear and can be determined from the record. His chances of success would not be increased by appointment of counsel. Instead, the Court concludes that it would be a waste of limited resources to appoint counsel for him. Further, neither due process nor the best interests of justice indicate that counsel should be provided in light of the issue Fisher identifies in his present motion. Accordingly, it is hereby

**ORDERED** that the defendant's motion for appointment of counsel [Record No. 107] is **DENIED**.

This 5th day of October, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge