UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 07-41-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 16-238-DCR |
| | ) | |
| MICHAEL ANTHONY FISHER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Michael Fisher's *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 113] Fisher pleaded guilty to conspiring to possess with intent to distribute and conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846. [Record Nos. 46; 79] On October 5, 2007, he was sentenced to a term of imprisonment of 240 months, followed by ten years of supervised release. [Record No. 69] Although Fisher filed a Notice of Appeal, his appeal was dismissed due to the valid waiver provision in his Plea Agreement. [Record Nos. 70; 103] On June 23, 2016, Fisher filed the present motion, arguing that he was improperly sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). [Record No. 113, pp. 1, 4]

For the reasons discussed below, Fisher's motion will be denied.

# I.

The facts supporting Fisher's guilty plea are outlined in paragraph three of his Plea Agreement, which provides:

- 1 -

>(a) On February 10, 2007, a cooperating defendant made a made a consensually monitored and recorded call to Michael Fisher to arrange the purchase of several ounces of cocaine base (crack cocaine). During the call, Fisher stated the cocaine base would be delivered by 1:00 p.m. in Winchester, Kentucky.
>
>(b) At approximately 1:10 p.m. law enforcement observed a vehicle approach the residence of the cooperating defendant. The vehicle was driven by Eric Tyrone Brooks, Fisher was in the front passenger seat and another passenger in the back seat. Officers, wearing protective gear identifying themselves as law enforcement, identified themselves as they approached the parked vehicle and attempted to enter the vehicle. Fisher instructed Brooks to get out of there. Brooks drove the vehicle away at an excessive rate of speed causing the officers to have to retreat to avoid injury. Brooks then drove the vehicle along a bending and winding rural public road and lost control of the vehicle and wrecked. Brooks and Fisher each suffered significant injury to their persons and were airlifted to the University of Kentucky Hospital for treatment. As they were fleeing, Fisher tossed an item from the vehicle.
>
>(c) After the area was secured, officers recovered approximately 230.2 grams of suspected crack cocaine a short distance from the scene of the wreck.
>
>(d) The crack cocaine recovered was submitted to the DEA Crime Lab for testing and tested positive for crack cocaine.
>
>(e) The amount of crack cocaine involved is consistent with distribution and not mere personal use.

[Record No. 47, ¶ 3]

Based on the amount of cocaine base involved in the offense, the defendant's base offense level was calculated to be 34. [Record No. 102, Presentence Investigation Report, "PSR," ¶ 24] However, due to two prior convictions for a controlled substance offense and a crime of violence, Fisher's offense level was increased to 37. *See* U.S.S.G. § 4B1.1. [*Id.*, ¶ 30] Fisher received a three-level decrease for acceptance of responsibility, resulting in a total offense level of 34. [*Id.*, ¶¶ 31−32] With a criminal history category of VI, Fisher's non-binding guideline range was 262 to 327 months. [*Id.*, ¶ 71] However, he was sentenced below that range because the sentencing judge granted the defendant's motion for a downward

departure. ["Statement of Reasons," p. 2] Thus, Fisher received a sentence of 240 months of imprisonment, which represented the statutory minimum. *See* 21 U.S.C. § 841(b)(1)(A). [Record No. 102, ¶ 70]

## II.

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). This period runs from the latest of: (i) the date on which judgment of the conviction becomes final; (ii) the date on which any illegal government-created impediment to the motion is removed; (iii) the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iv) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)−(4).

Here, Fisher asserts that his sentence is unconstitutional under the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). [Record No. 113, p. 2] Because he unsuccessfully attempted to appeal the Judgment, Fisher's conviction became final when the time to file a writ of certiorari expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Fisher's appeal was dismissed on March 13, 2012. [*See* Record No. 103.] He then had 90 days to file a writ of certiorari, meaning his conviction became final on June 11, 2012. *See* Rule 13 of the Rules of the Supreme Court of the United

- 3 -

States. As a result, the deadline for Fisher to file the present motion was June 11, 2013, one year later. *See* 28 U.S.C. § 2255(f)(1). However, Fisher argues that his motion is timely because *Johnson* was decided on June 26, 2015, and it applies retroactively to cases on collateral review, as required by 28 U.S.C. § 2255(f)(3). 135 S. Ct. at 2551; *In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015).[1] [Record No. 113, p. 2]

Because *Johnson* is inapplicable to Fisher's situation, his § 2255 motion will be denied. Fisher was sentenced under U.S.S.G. § 4B1.1(a), which increases the sentences of those convicted of a crime of violence or a controlled substance offense who have at least two prior convictions of such offenses. A "crime of violence" is defined as an offense punishable by over one year of imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The first subsection is termed the "use of force" clause, while the second subsection involves the "enumerated" clause (identifying several offenses), followed by the "residual clause." *See United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014); *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). If a prior conviction falls within one of these categories, it constitutes a crime of violence. *See Mitchell*, 743 F.3d at 1064.

---

[1] Although Fisher waived the right to collaterally attack his guilty plea, conviction, and sentence, the Court has considered the present motion on the merits. [Record No. 47, ¶ 8]

- 4 -

*Johnson* addressed the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The United States Court of Appeals for the Sixth Circuit recently held that *Johnson* invalidates sentences under the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines, as well. *United States v. Pawlak*, __ F.3d __, 2016 WL 2802723, *8 (6th Cir. May 13, 2016). Although a decision regarding the applicability of *Johnson* to that provision of the Sentencing Guidelines is currently pending before the United States Supreme Court, this Court has assumed for the purposes of this motion that *Johnson* applies to that provision. *See Beckles v. United States*, No. 15-8544.

However, Fisher was not sentenced under the residual clause in U.S.S.G. § 4B1.2(a)(2). As outlined in the Plea Agreement and PSR, he had one prior felony conviction for a controlled substance offense in Kentucky and one prior felony conviction for second degree assault in Kentucky. [Record Nos. 47, ¶ 10; 102, ¶¶ 8(A), 30, 40] It is clear that Fisher's prior conviction for cultivating marijuana qualified as a controlled substance offense under U.S.S.G. § 4B1.2(b), rather than a crime of violence under § 4B1.2(a). In addition, the defendant's prior conviction for second degree assault in Kentucky qualified under the "use of force" clause in U.S.S.G. § 4B1.2(a)(1). *See United States v. Collins*, 799 F.3d 554, 596 (6th Cir. 2015). Because the prior assault conviction qualified as a crime of violence under the use of force clause, rather than the residual clause, *Johnson* does not apply to Fisher's sentence.[2]

---

[2]  To the extent Fisher asserts that his conviction for cultivation of marijuana was not sufficiently "serious" to count as a qualifying drug offense, he offers no support for his argument, which lacks merit. [Record No. 113, pp. 3−4] Fisher's conviction was punishable by a term of imprisonment exceeding one year and involved manufacturing a controlled substance. [Record No. 102, ¶ 41] Therefore, it was a qualifying controlled substance offense under U.S.S.G. § 4B1.2(b).

Consequently, the period of limitation for Fisher to file his § 2255 motion did not run from the date on which *Johnson* was decided, but rather from the date on which his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Therefore, his motion to vacate is untimely. Fisher has not demonstrated (or even alleged) that he is entitled to equitable tolling. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). As a result, the Court will deny his § 2255 motion as untimely.

Further, even if the Court were to consider Fisher's motion on the merits, it would still deny the requested relief. As explained in detail above, *Johnson* and *Pawlak* do not establish that Fisher was sentenced in violation of the Constitution or federal law. *See* 28 U.S.C. § 2255(a). Moreover, because the Court departed from the defendant's non-binding guideline range and sentenced him to the statutory minimum, any error would have been harmless. [Statement of Reasons, p. 1]

### III.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (internal quotation marks and citation omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Fisher has not demonstrated that reasonable jurists would disagree regarding whether he qualifies as a career offender under U.S.S.G. § 4B1.1(a) based on his two prior felony convictions for a controlled substance offense and a crime of violence, or whether *Johnson* and *Pawlak* apply to his sentence. Further, Fisher cannot show that reasonable jurists would debate whether he has validly stated a constitutional claim. Thus, he is not entitled to a Certificate of Appealability on any of the issues raised in this proceeding. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

Finally, Fisher did not specifically request an evidentiary hearing, and the record conclusively shows that he is not entitled to relief. Further, the defendant presents a legal, rather than a factual, dispute. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). Therefore, an evidentiary hearing is not warranted. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Michael Fisher's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 113] is **DENIED**, and this matter is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

2. A Certificate of Appealability is **DENIED**.

3. A Judgment in favor of the United States shall issue this date.

This 14th day of July, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge