UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 07-041-DCR |
| V. | ) ) | |
| MICHAEL ANTHONY FISHER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Michael Fisher has filed a motion seeking appointment of counsel to pursue a sentence reduction pursuant to the First Step Act of 2018 ("the 2018 Act"). [Record No. 130] Upon review of the record, the Court concludes that the defendant is not entitled to relief under the 2018 Act. His motion, therefore, will be denied.

**I.**

Fisher pleaded guilty to conspiring to distribute 50 grams or more of cocaine base and was sentenced to 240 months' imprisonment in October 2007. [Record Nos. 47, 69] He was subject to a statutory minimum mandatory sentence of 20 years and a maximum of life, based on his prior conviction for a felony drug crime and the quantity of crack cocaine involved in the offense. 21 U.S.C. § 841(b)(1)(A)(iii) (effective: July 27, 2006 to Apr. 14, 2009). Fisher's criminal history includes convictions for second-degree assault and cultivation of marijuana. This resulted in Fisher being designated as a career offender under section 4B1.1 of the United States Sentencing Guidelines.

Fisher was held responsible for 230.2 grams of crack cocaine, resulting in a base offense level of 34 under § 2D1.1 of the guidelines. However, because the statutory maximum sentence was life, he was assigned an offense level of 37 under § 4B1.1. He received a three-point adjustment for acceptance of responsibility, resulting in a total offense level of 34. Despite Fisher's young age, he had accumulated six criminal history points, placing him in criminal history category III. His criminal history category was increased to VI, however, based on his status as a career offender. *See* § 4B1.1(b). This resulted in an advisory guidelines range of 262 to 327 months.

In deciding to sentence Fisher below the guidelines range, the Court examined the factors under 18 U.S.C. § 3553(a). First, the Court recognized the seriousness of Fisher's crime and his extensive criminal history. These factors indicated that a significant sentence was needed to promote specific deterrence and protect the public from the defendant's future crimes. However, the sentencing judge factored in Fisher's age and potential for rehabilitation. Despite the defendant's criminal history, he had never been incarcerated for any significant period and, accordingly, had not been sufficiently deterred from criminal conduct. The Court concluded that a sentence of 20 years was sufficient but not greater than necessary to serve the purposes of § 3553(a).

Fisher filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit dismissed the challenge because Fisher had waived the right to appeal pursuant to his plea agreement. [Record No. 103] While Fisher's appeal was pending, he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactive amendments to the sentencing guidelines. [Record No. 94] The Court denied the motion, noting that Fisher was sentenced

to 20 years (the statutory minimum at the time) based on his status as a career offender under U.S.S.G. § 4B1.1. [Record No. 98]

The Fair Sentencing Act ("FSA") was signed into law in 2010, effectively increasing the quantity of crack cocaine needed to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). Pub. L. No. 111-220. Following enactment of the FSA, a quantity of crack cocaine less than 280 grams, but more than 28 grams, results in a mandatory minimum sentence of 10 years if the defendant had a prior conviction for a drug felony. § 841(b)(1)(B) (effective Aug. 3, 2010 to Dec. 20, 2018). The FSA was not retroactive. The United States Sentencing Commission subsequently promulgated retroactive amendments to the guidelines, which amended crack cocaine quantities in § 2D1.1 consistent with the FSA. In August 2013, Fisher filed a motion to reduce his sentence pursuant to the amended guidelines. [Record No. 104] The Court denied his motion, noting that he was sentenced to the statutory minimum penalty. [Record No. 105]

The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391. It permits courts to apply the FSA retroactively to reduce the sentences of defendants convicted of certain crack cocaine offenses. Under the FSA, Fisher's mandatory minimum sentence drops from 20 to ten years. However, the statutory maximum remains a term of life imprisonment.

Although Fisher received a mandatory minimum sentence of 20 years, he was sentenced as a career offender under U.S.S.G. § 4B1.1 Offense levels under that provision are driven by the statutory maximum sentence applicable to the offense at issue. Therefore, even if Fisher was sentenced pursuant to the FSA, his advisory guidelines range under § 4B1.1 would not change. Although 20 years is no longer the mandatory minimum sentence

applicable to Fisher's offense, it is below the advisory guidelines range and, for the reasons discussed at sentencing, it is the minimum sentence that will promote the purposes of 18 U.S.C. § 3553(a).

## II.

There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582(c). *United States v. Guyton*, 640 F. App'x 854, 856 (11th Cir. 2016) (citing *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009)). Instead, the Court has discretion to determine whether appointment of counsel is warranted. *Id.* Here, the record is sufficient to consider Fisher's request for relief under the 2018 Act, and appointment of counsel is unnecessary and would be a waste of resources.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for the appointment of counsel and relief under the First Step Act of 2018 [Record No. 130] is **DENIED**.

Dated: March 22, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge