UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 07-041-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL ANTHONY FISHER, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

In May 2007, Defendant Michael Fisher pleaded guilty to conspiring to possess with intent to distribute cocaine base and to distributing cocaine base in violation of 21 U.S.C. § 846. [Record No. 47] He is currently serving a term of imprisonment of 240 months[1] at Cumberland FCI. Fisher's current projected release date is April 26, 2025. [Record No. 69][2] Fisher has now filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate-release statute. [Record No. 136] He has included no supporting evidence and cites only the ongoing COVID-19 pandemic as support for early release. [*Id.*] Because The motion will be denied because Fisher has not demonstrated that extraordinary and compelling reasons justify release or that the relevant sentencing factors support a sentence reduction.

---

[1]   Fisher was originally sentenced by now-deceased Senior United States District Judge Karl S. Forester.

[2]   *See also Find an Inmate*, FEDERAL BUREAU OF PIRSONS, http://www.bop.gov/inmateloc/ (last visited March 8, 2021).

District courts have discretions to reduce sentences previously imposed if "three substantive requirements" are satisfied. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).[3]  But "district courts need not consider" one requirement—consistency with the applicable policy statements—when an inmate files the motion for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Accordingly, "courts now face two primary questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable [18 U.S.C.] § 3553(a) factors warrant such a reduction." *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *Ruffin*, 978 F.3d at 1006–07). An inmate's motion may be denied if the court "finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing *Elias*, 984 F.3d at 519).

**A. Extraordinary and Compelling Reasons**

This Court is no longer bound to apply the policy statement definitions of "extraordinary and compelling reasons" to Fisher's motion. *Jones*, 980 F.3d at 1109. Instead, the Court "ha[s] discretion to define 'extraordinary and compelling' on [its] own initiative." *Elias*, 984 F.3d at 519–20. However, "the framework provided by the application notes to Section 1B1.13 of the United States Sentencing Guidelines" is especially useful in resolving

---

[3]   A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Fisher requested compassionate release from his warden on December 21, 2020, and that request was denied on February 4, 2021. [Record No. 137-2]

motions based on medical concerns, and the Court will utilize it in addressing Fisher's claims. *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020).

The policy statements place medical conditions warranting compassionate release into two categories: terminal illnesses or serious physical, medical, and mental conditions which prevent the prisoner from providing self-care within a prison. *See* U.S.S.G. § 1B1.13 cmt. n.1. In either circumstance, a prisoner must "demonstrate a medical condition so serious that it cannot be adequately addressed in BOP custody." *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020). The Court adopts this definition for purposes of ruling on Fisher's motion.

Beyond stating that he has asthma which may place him at increased risk for a serious case of COVID-19, Fisher offers no evidence of a serious medical condition or serious risk. Instead, it appears he can manage any condition he may have while in BOP custody. He thus argues that release is warranted based on *potential risk* alone. But absent any medical evidence, the Court agrees that "speculation as to . . . whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release." *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5 (E.D. Mich. April 22, 2020).

Additionally, the BOP's procedures in preventing the spread of COVID-19 provide useful context to Fisher's motion. First, the BOP is actively working to prevent the spread of COVID-19 with protocols that have been developed over the course of the past year.[4]

---

[4] *A BOP COVID-19 Overview*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/overview.jsp (last visited March 8, 2021).

Additionally, the BOP has begun to administer COVID-19 vaccinations to staff and inmates.[5] And finally, BOP statistics contradict Fisher's claims that COVID-19 is spreading quickly at Cumberland FCI. Currently, zero inmates have recently tested positive for the virus, while only six staff have positive cases.[6] A total of 381 inmates and 45 staff have recovered from the virus, but no inmates or staff have died as a result of its effects.[7] These numbers indicate that Cumberland FCI has found a measure of success in containing the spread of COVID-19 in its facility. Accordingly, while his concerns are legitimate, Fisher has not met his burden to demonstrate extraordinary and compelling reasons justifying release.

### B. Section 3553(a) Factors

Even if Fisher could demonstrate extraordinary and compelling reasons, he must also "make a compelling case as to why the court's § 3553(a) analysis would be different if conduced today." *Sherwood*, 986 F.3d at 954 (citation omitted). Because Fisher was originally sentenced by a different judge, explanation beyond the sentencing hearing transcript is required. *See Jones*, 980 F. 3d at 1113–14 ("The obligation to explain is imperative when the original sentencing judge and the compassionate release judge are different persons, as the

---

[5] The BOP is presently working with the CDC and a public-private partnership established by the federal government, known as Operation Warp Speed, to ensure that the BOP remains prepared to administer the COVID-19 vaccine to inmates as soon as it is available. As of March 5, 2021, doses of vaccine have been administered to 166 staff and 28 inmates at Cumberland FCI. *See COVID-19 Vaccine Implementation*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited March 8, 2021). The United States has informed the Court that Fisher has yet to receive a vaccination. [Record No. 137, p. 5]

[6] *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last updated March 5, 2021).

[7] *Id.*

original sentencing transcript does not reflect the latter judge's factual reasons for their § 3582(c)(1)(A) decision."). Accordingly, in addition to providing significant weight to the sentencing judge's reasons for imposing the original sentence, the Court has looked to the whole record to confirm that Fisher's original sentence remains appropriate.

Fisher claims that he is "a non violent first time offender who already serve[d] over 75 percent of [his] incarceration." [Record No. 136, p. 2] He also contends that he will pose little risk if released. [*Id.*] But the record considered by the sentencing judge and before the undersigned today conflicts with his claims. At age 27, Fisher pleaded guilty to this drug conspiracy after two prior state-court convictions for trafficking in marijuana. [Record No. 77, 8–9] Additionally, he failed to comply with the terms of pretrial release and "absconded" prior to sentencing. [*Id.* at 8] While Fisher was ultimately sentenced to the mandatory minimum 240 months' imprisonment, his guidelines range was higher (i.e., 262 to 327 months) due to his offense conduct and criminal history. [*Id.* at 3] During the sentencing hearing, Fisher's criminal history carried significant weight when the sentencing judge considered the sentence needed to promote respect for the law, provide just punishment, deter future conduct, and protect the public from further crimes. [*Id.* at 10]

Nothing in the record indicates that the original sentence imposed is not justified today when the relevant sentencing factors are evaluated. And Fisher has offered no additional evidence that "his personal circumstances—beyond the COVID-19 outbreak—ha[ve] changed so that [the Court] should weigh the § 3553(a) factors differently" than the sentencing judge did at the original sentencing hearing. *United States v. Navarro*, 986 F.3d 668, 671–72 (6th Cir. 2021).

Additionally, the United States has offered evidence of several prison disciplinary actions during his term of imprisonment. [Record No. 137-4] Given the seriousness of Fisher's crimes and criminal history, and the lack of evidence that the sentencing factors should be weighed differently, a sentence reduction is not warranted in Fisher's case.

Accordingly, it is hereby

**ORDERED** that Defendant Fisher's motion for a sentence reduction [Record No. 136] is **DENIED**.

Dated: March 8, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky